---

## BLAKEMORE & LAWES v. ALLEN, et al.

1. PLEADINGS IN CHANCERY. Sections 1744–47, Code of 1851, apply to proceedings in equity as well as at law; hence, an answer in chancery should not be under oath when a sworn answer has been expressly waived in the petition—following *Shepard* v. *Ford, ante.*

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 6.

THE complainants filed their bill in equity as against

Blakemore & Lawes v. Allen, et al.

Stephen T. Allen *et al.*, as respondents, in which they expressly waive an answer under oath. Allen and wife, two of said defendants, answer jointly and under oath. The 51st rule of the District Court of said county was in force when said bill was filed, and when the motion was determined, upon which the plaintiffs base their appeal, providing (among other things) as follows:  " The rule prescribed in section 1744 of the Code, in relation to the verification of pleadings, shall prevail in equity." The complainants file their motion, in the District Court, by which they asked the court to strike from the said answer the jurat, for the reason that complainants did not call for, but expressly waived an answer under oath. This motion was overruled by the court, and from this ruling the complainants appeal.

· *Rogers & Gurley* for the appellants.

*Davidson & True* for the appellees.

BALDWIN, J.—The court below in refusing to sustain complainants' motion, virtually held that the defendants had a right to answer under oath, notwithstanding the waiver, and that the provisions of the rule, as above referred to, were inoperative, and that the District Court had no power to establish such a rule. A majority of this court, as it is at this time constituted, have held that sections 1744–45–46–47 of the Code apply to chancery as well as to civil proceedings. See *Shepard* v. *Ford ante.* Under this ruling, we think the rule of the District Court did not contravene any provisions of law, and was in force and operative when the motion was made.

We do not deem it necessary to refer to the able arguments of counsel, for and against the power of the court to establish such a rule in the absence of any statutory enactment upon the subject, as at this time our whole system of pleading and practice has undergone a material change. The motion should have been sustained.

Judgment reversed.